Chancery.                     Cornelison *vs* Browning.

Case 18.                   Error to the Madison Circuit.

*Authentication.  Proof of heirship.  Practice in Chancery.*

December 22.    Judge Simpson delivered the opinion of the Court.

Case stated in    Browning having, in the year 1841, sold to Corneli-
the bill.        son a large tract of land, the purchase money for which
was to be subsequently paid, bound himself to make the
purchaser a good title to the land, (except a part there-
of, which was particularly specified,) so soon as the
purchase money was all paid.

Cornelison exhibited this bill in chancery, alleging
that when he entered into the contract with Browning,
he was induced by his false and fraudulent representa-
tions, to believe that he was able to make a title to the
land agreeably to the stipulations of his contract, but
he had since ascertained that he was not able.  He ask-
ed for an exhibition of the defendant's title, and a res-
cission of the contract.

Allegations of   Browning answered, setting forth his title in detail,
the answer.      and exhibiting the evidences of it.  Part of the land is
patented in the name of James Dinwiddie, and the de-
fendant derives his title to this part of it, through the
will of the patentee, by virtue of a devise to his son,
Moses Dinwiddie.  To make out a regular chain of title
to this part of the land, it was necessary to show that
the patentee had made a last will and testament, and de-
vised the land to his son Moses.  For this purpose a
copy of his will, certified by the clerk of the County
Court of Henry county, State of Tennessee, with the
certificate of the presiding Justice of the Court annex-
ed, in the requisite form, which had been duly recorded
in this State in the manner required by the act of 1842,
(3 *Stat. Law,* 585,) was offered in evidence.  An excep-
tion to it was filed by the complainant, and his excep-
tion overruled by the Court.  The most important ques-

tion in this cause is, whether this copy of the will is authenticated in the mode prescribed by law.

The clerk of the County Court certifies "that it is a true and perfect copy of the last will and testament of James Dinwiddie, Sr., deceased—that the same was produced in open Court, on the 7th day of November, 1842, and proven by one of the subscribing witnesses, and has been duly recorded, and is on file in his office."

The clerk has not copied the order made at the time the will was proved in Court, but his certificate of the fact is the only evidence on the subject. His certificate for this purpose is clearly insufficient. The record itself is the best evidence of the action of the Court, and must be proved by a copy, made out and certified by the clerk. A clerk has no authority to certify what a record contains, or what judicial proceedings occurred in the Court of which he is clerk. His certificate of these matters is unofficial, and not admissible as evidence. A copy of the proceedings in Court, and the orders made, certified by the clerk, is the only competent testimony of what an existing record contains.

By the act of 1820, (2 *Stat. Law*, 1548,) it is enacted, "that where any last will and testament containing a devise of land or other estate in this Commonwealth, shall have been, or may hereafter be proved and admitted to record by the proper Court of any of the United States, or a foreign country, where the testator last resided, it shall and may be lawful for any person or persons interested in the lands or other property devised in said will, to cause such will or a copy thereof, to be recorded," &c. It is only therefore where a will has been proved and admitted to record by the proper Court in another State, that a copy of it can be recorded in this State, and made evidence here. As the copy offered in this case, is not authenticated so as to make it appear by legal and competent testimony, that the will was proved and admitted to record by the County Court, in the State of Tennessee, it was not in a condition to be recorded in this State, and is not evidence in our Courts. The exception to it, therefore, should have been sustained.

*Margin notes:*

CORNELISON
*vs*
BROWNING.

The certificate of the Clerk of a court of a sister State that a will was duly proved and admitted to record, is insufficient evidence of the proof of the will. The order of the court made upon the proof should be copied and duly certified.

Where a df't sets
out a title as de-
rived through a
decree in chan-
cery against h's,
and made his an-
swer a cross bill
against compl't,
in response to
which complain-
ant required the
production of the
record, but not
proof of the heir-
ship, it was held
that proof of
*heirship was not*
necessary.

Browning also derives title to part of the land, under proceedings in chancery, against the heirs of Thomas Broaddus. To this part of the title, it is objected, that there is no evidence the persons sued as such, were the heirs of Broaddus. Proof of this fact, although usually necessary for the purpose of showing that the decree was rendered against the persons vested with the title of their ancestor, was not requisite in this case. The defendant, after setting forth his title in detail, made his answer a cross bill against the complainant, who in his response to it admits the death of Broaddus, denies having any personal knowledge of the proceedings in chancery against his heirs, and requires the production of the record, and the deeds under the same. Not having required the defendant to produce evidence that the persons sued were the heirs of Broaddus, but having only called for the production of the record and the deeds, the omission of the defendant to make this proof, in order to sustain the deeds made under the decree, cannot under the circumstances, be relied upon by the complainant.

We do not regard the trifling defference between the location of the one hundred and twenty acres, patented to Davidson and Dinwiddie, as it was represented by Browning at the time of the sale, and as it actually appears to be upon a survey, as constituting any valid objection to a specific execution of the contract. The only difference is, that a few acres lie across the road on the west side, when it was all represented as being on the east side thereof. Now, if it were all situated on the east side of the road and adjoining thereto, which it might be, consistently with the representations made, any injury resulting from its proximity to the road, would be very slightly if at all increased by the fact, that a few acres of it were situated on the opposite side of the road.

But there seems to be a defect in the defendant's title to this one hundred and twenty acres, patented in the names of Dinwiddie and Davidson. He alleges a sale of it by the patentees to Broaddus, and that the title was obtained under the aforesaid proceedings and decrees

in chancery against the heirs of Broaddus, and the deeds made in pursuance thereof. But there is no conveyance from the patentees to Broaddus produced, nor does this land certainly appear to be embraced by the aforesaid proceedings in chancery against Broaddus's heirs.

The decree of the Court below, dismissing the complainant's bill, and enforcing the lien asserted for the purchase money in the cross bill of the defendant, is erroneous, and must be reversed. But as the Court had overruled the exception taken to the copy of the will of James Dinwiddie, and thereby induced the defendant to go to trial under a belief that the copy was properly authenticated, time should be allowed him to obtain a copy legally certified, and in the mean time an opportunity will be afforded him to remedy the other defects in his title, and to identify the land devised by the testator, as the land embraced in the complainant's purchase.

<div style="float:right; width: 25%">When the court overruled an exception to the authentication of an exhibit which was the ground of reversal in the Court of Appeals—Held that upon the return of the case time should be given to have the authentication corrected.</div>

Wherefore, the decree is reversed, and cause remanded for further proceedings in conformity with this opinion.

*Turner* for plaintiff; *Caperton* for defendant.

